IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE CARLOS AVINA, JOSE CARLOS, AVINA Sr.; AND ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| Plaintiffs | § § | |
| v. | § § § § § § § § | CIVIL ACTION NO. 4:11-CV-3679 |
| SPECIAL CHEERS, FRITZI GLOVER STROWMATT and CHAD STROWMATT | § § § | |
| Defendants | § | |

**<u>PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION</u>**

Pursuant to Fed. R. Civ. P. 33(b) and 37(a), JOSE CARLOS AVINA and JOSE CARLOS AVINA, Sr., the Plaintiffs in this proceeding, by Joe M. Williams and John Lipps, their attorneys respond to Defendants' Motion For Reconsideration would show the court as follows:

### <u>I. BACKGROUND</u>

Plaintiffs Jose Carlos Avina and Jose Carlos Avina, Sr. have brought this action alleging violations of the Fair Labor Standards Act, 29 U.S.C. Sec 201 *et seq.* for the unpaid overtime wages they earned, but did not receive while working as employees of Defendants. Defendants, in their Answer, claimed that their business was subject to an agricultural exemption from the overtime requirements of the FLSA .

On May 1, 2012, the Court issued an Order granting Plaintiffs' Motion to Compel Discovery, as well as granting Plaintiffs' Motion for Sanctions, based upon the actions of Defendants' Counsel during Discovery. On May 9, 2012 Defendants filed a Motion for Reconsideration.

## II. ARGUMENT AND AUTHORITIES

Plaintiffs have provided this Court with a voluminous record, documented in its Motion to Compel the history of delay, obfuscation, neglect and unprofessionalism demonstrated by Counsel for Defendants in this case. The Court recognized that in its Order of May 1, 2012. The Court has all the documents evidencing the actions of the Parties in this matter, and Plaintiffs find no value in duplicating the already-established record in this case. Plaintiffs would contend that Defendants' exercise in filing frivolous and repetitive objections merited the actions taken in this matter.

Counsel for Defendant, however apparently seeks to substitute his own judgment for that of the Court by stating that Plaintiffs have absolutely no conceivable right to any documents pertaining to the Strowmatts as individual Defendants. Further, although the only substantive defense offered by the Defendants for their conduct is based upon their reliance upon an agricultural exemption in the FLSA for their non-agricultural business, Counsel for Defendant is positively outraged by a Request for Production of the financial records of Defendant Special Cheers. Since Counsel for Defendant has seen fit to comply with the Order of the Court, Plaintiff considers the issue moot.

Plaintiffs respectfully maintains that several issues in this case are important and should be addressed:

A. **The Issue Of Confidentiality Of The Discoverable Documents Sought By Plaintiff Was NEVER Raised By Counsel For Defendants At ANY Time In Any Of Their Written Or Verbal Communications With Plaintiffs.**

Plaintiffs have no objection to a Confidentiality Agreement between the Parties, based upon reasonable concerns for the real or perceived sensitivities of the Defendants. The Plaintiffs **DO** strenuously object to the continuation of Counsel for Defendants' incivility and unprofessionalism . Counsel for Defendants' accusations now include: harassment (p. 2 of Defendants' Emergency Motion for Reconsideration ) and the soliciting of additional clients to this lawsuit (p.2), both made without a trace of factual basis. It may be that Counsel for Defendants finds the imposition of sanctions to be professionally and personally unpleasant, but it was his firm's conduct that warranted those actions and his recent actions in lashing out continue to be below the standards that are expected of all who practice before this Court.

B. **The Imposition of Sanctions By This Court Was Entirely Warranted.**

> I. Lawyers will be punctual in communications with others and in honoring scheduled appearances and will recognize that neglect and tardiness are demeaning to the lawyer and to the judicial system.
>
> *Guidelines for Professional Conduct*
> Appendix D USDC/SDTX  Local Rules (2000)

In this case, Counsel for Defendants received two extensions of time, several letters with specific and detailed recitations regarding the material to be produced, with explanations as to the reasons they were relevant to this action  and  a large number of telephone calls.  At each juncture, Counsel for Defendants responded with indifference, disdain and silence.

Plaintiffs respectfully would recount one specific instance which illustrates the pattern of conduct demonstrated in this matter .After all the delays and Defendants' refusal to address Plaintiffs' requests, Ms. Leslie Hillendahl, Counsel for Defendant, telephoned John Lipps on March 28, 2012 and offered to expedite the production of documents. Two weeks then elapsed without any contact. When Mr. Lipps called Ms. Hillendahl and inquired as to the lack of any contact, Ms. Hillendahl responded, "Well, I had CLE to do."

Plaintiffs respectfully contend that the imposition of sanctions will hopefully impress upon Counsel for Defendants that the practice of law before this Court outweighs CLE considerations.

### III. CONCLUSION

THEREFORE, Plaintiff respectfully requests that this Court uphold its Order of May 1, 2012, and consider the imposition of additional sanctions , including additional attorneys fees , for the time and expenses incurred to address Defendant's Emergency Motion, along with appropriate measures to ensure that Defendants' course of conduct conform to the standards expected by this Court.  Dated: May 18, 2012.

Respectfully submitted,

THE LAW OFFICE OF JOE M. WILLIAMS & ASSOCIATES

By: /s/ *John C. Lipps*
    John C. Lipps
    State Bar No. 00793134
    Fed ID No. 246689

810 Highway 6 South, Suite 111
Houston, Texas 77079
Telephone: (832) 230-4125
Facsimile: (832) 230-5310

**ATTORNEY FOR PLAINTIFF**

- 5 -

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via the Court's electronic filing system to the following counsel of record on this 18th day of :May, 2012.


                                                                */s/ John C. Lipps*
                                                                 John C. Lipps